**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **TERENCE NASHAWN GLENN,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**GOBRANDS, INC., *(d/b/a GOPUFF)*,**<br><br>**Defendant.** | **Civil Action No.**<br>**26-11866-FDS** |

**MEMORANDUM AND ORDER**

**SAYLOR, D.J.**

Terence Nashawn Glenn, who is proceeding *pro se*, has filed a complaint against GoBrands, Inc. ("GoBrands"), alleging that the defendant retaliated against him for exercising his rights under the Americans with Disabilities Act ("ADA") and violated state law. Plaintiff also filed a motion for leave to proceed *in forma pauperis*. For the reasons stated below, the court will grant the *in forma pauperis* motion and dismiss this action without prejudice.

## I. Motion for Leave to Proceed *in Forma Pauperis*

Upon review of the motion for leave to proceed *in forma pauperis* (Dkt. No. 2), the court concludes that plaintiff has adequately shown that he is unable to prepay the $405 filing fee. Accordingly, the court will grant the motion.

## II. Review of the Complaint

Because plaintiff is proceeding *in forma pauperis*, the court will conduct a preliminary review of his complaint pursuant to 28 U.S.C. § 1915(e)(2). Under this statute, a court must dismiss the case of a party proceeding *in forma pauperis*, if, at any time, the court determines that the action is malicious or frivolous, seeks monetary damages against a party immune from

such relief, or fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B). Further, a court has an obligation to inquire *sua sponte* into its own jurisdiction. *See McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004).

**A. Plaintiff's Claims**

The complaint alleges that GoBrands is "a corporate entity executing algorithmic control over transportation logistics and retail delivery, operating within the Commonwealth of Massachusetts." Compl. ¶ 9. According to plaintiff, he "operated as a transportation working within Defendant's digital network." *Id.* ¶ 8. He alleges that in December 2025, he "formally commanded the Defendant to implement a reasonable accommodation under the Americans with Disabilities Act (ADA)," "mandat[ing] the deactivation of the Defendant's opaque, automated Checkr criminal record screening and legally requir[ing] Defendant to conduct a human, individualized background assessment." *Id.* ¶ 10.

Allegedly in response to that request, GoBrands "executed a 'soft hold' on the Plaintiff's primary digital account, effectively exiling the Plaintiff from the Boston, Massachusetts geographic grid." *Id.* ¶ 12. Plaintiff further alleges that "[t]o mathematically conceal this targeted lockout, the Defendant falsely cited a 'TIPS certification transition,' despite simultaneously running public recruitment advertisements . . . to hire new drivers in the exact same Boston market." *Id.* ¶ 13. He also asserts that "[w]hile enforcing this localized blackout, the Defendant deliberately allowed the Plaintiff's secondary access to remain active across state lines (Connecticut, New York, and Rhode Island) . . .. forc[ing] the Plaintiff into severe physical hardship, requiring interstate travel and vehicle habitation to survive." *Id.* ¶ 14. According to plaintiff, GoBrands "exercises absolute algorithmic control over shift access, routing, and economic participation, illegally classifying the Plaintiff as an independent contractor to evade

Massachusetts wage and hour laws, mirroring the exact systemic fraud targeted by the Massachusetts Attorney General's Office." *Id.* ¶ 15.

The complaint asserts three causes of action. Count 1 asserts a claim under the ADA and Mass. Gen. Laws ch. 151B, alleging that GoBrands "executed a retaliatory digital lockout and geographic exile directly following the Plaintiff's legally protected request for a reasonable accommodation regarding the automated screening process." *Id.* ¶ 16. Count 2 is a claim for relief under Mass. Gen. Laws ch. 93A, alleging that GoBrands knowingly violated the statute by its' "execution of a fraudulent 'soft hold,' a deceptive geographic blockage masked as a 'TIPS certification transition,' and the willful evasion of Massachusetts law enforcement." *Id.* ¶ 17. Count 3 alleges a claim under Mass. Gen. Laws ch. 149, § 148B for "illegally classif[ying] the Plaintiff as an independent contractor to bypass statutory minimum wage, overtime, and benefit requirements, while maintaining absolute algorithmic control over the Plaintiff's labor and geographic access." *Id.* ¶ 19.

### B. <u>Discussion</u>

To state a claim upon which relief can be granted, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. "Merely reciting elements of a claim will not do . . . . [n]or will alleging facts that 'are too meager, vague, or conclusory to remove the possibility of relief

from the realm of conjecture.'" *Lydon v. Loc. 103, Int'l Bhd. of Elec. Workers*, 770 F.3d 48, 53 (1st Cir. 2014) (quoting *SEC v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010)).

**C. <u>Claim under the ADA</u>**

It is unlawful under the ADA to "discriminate against any individual *because* such individual has opposed any act or practice made unlawful" by the ADA or "coerce, intimidate, threaten, or interfere with any individual . . . *on account of his having exercised* . . . any right granted or protected" by the ADA. 42 U.S.C. § 12203(a), (b) (emphases added). Here, the complaint does not contain any non-conclusory factual allegations that GoBrands' "digital lockout and geographic exile" of plaintiff was in retaliation for the exercise of his rights under the ADA. Plaintiff characterizes his "command[]" that GoBrand "conduct a human, individualized background assessment" instead of an "opaque, automated Checkr criminal record screening" as a request for a "reasonable accommodation under the American with Disabilities Act." Compl. ¶ 10. However, plaintiff's mere characterization of his request as one for his rights under the ADA does not require GoBrands or this court to treat it as such. Plaintiff does not identify his disability or offer any reason why an "individualized background assessment" is required under any provision of the ADA to reasonably accommodate a disability.

**D. <u>Subject Matter Jurisdiction</u>**

"Federal courts are courts of limited jurisdiction. They cannot act in the absence of subject matter jurisdiction, and they have a sua sponte duty to confirm the existence of jurisdiction in the face of apparent jurisdictional defects." *United States v. Univ. of Mass. Worcester*, 812 F.3d 35, 44 (1st Cir. 2016). Congress has granted federal district courts jurisdiction over two main kinds of cases: those arising under federal law, *see* 28 U.S.C. § 1331 ("§ 1331"), and those where parties are "citizens" of different states and more than $75,000

(exclusive of interest and costs) is at stake, *see* 28 U.S.C. § 1332 ("§ 1332"). "The party invoking federal jurisdiction has the burden of establishing that the court has subject matter jurisdiction over the case," *Amoche v. Guarantee Tr. Life Ins. Co.*, 556 F.3d 41, 48 (1st Cir. 2009), and, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

The complaint invokes the court's original subject matter under § 1331 and § 1332. Compl. ¶ 6. However, the only claim arising under federal law is the ADA retaliation claim, and, as set forth above, it fails to state a claim under that statute. In addition, the complaint does not allege that subject-matter jurisdiction exists under § 1332. It does not identify the citizenship of the defendant, *see* 28 U.S.C. § 1332(c), or allege that the amount in controversy exceeds $75,000, *see Turner v. Hubbard Sys., Inc.*, 855 F.3d 10, 14 (1st Cir. 2017) ("The burden is on the federal plaintiff to establish that the minimum amount in controversy has been met.") (quoting *CE Design Ltd. v. American Economy Ins. Co.*, 755 F.3d 39, 43 (1st Cir. 2014))). Furthermore, the Court declines to exercise supplemental jurisdiction over the state-law claims. *See* 28 U.S.C. § 1367.

## III. Conclusion

For the foregoing reasons:

1. The motion for leave to proceed *in forma pauperis* is GRANTED.
2. This action is DISMISSED for failure to state a claim upon which relief can be granted.

**So ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge

Dated: November 16, 2026